(38 South. 274.)

No. 15,498.

PARISH OF CADDO v. PARISH OF RED RIVER.* ·

(Feb. 27, 1905.)

PARISHES—BOUNDARIES—VENUE—JURISDICTION OF COURTS.

1. The interpretation of a law, the declared purpose of which is to establish the boundaries between two parishes, is a judicial function.

2. Where the property which is the subject of an action of boundary between two parishes lies within the territorial jurisdiction of the courts of both, such action may be brought in either court.

3. Where, as in this case, the law provides a particular method of fixing the boundaries between parishes in the event of disagreement as to the proper interpretation of the statute on the subject, the remedy so provided must be exhausted before the jurisdiction of the courts can be invoked.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by the parish of Caddo against the parish of Red River. Judgment for plaintiff, and defendant appeals. Reversed.

Scheen & Stephens, William Augustus Wilkinson, and Murff & Webb, for appellant. Gaines & Looney and Henry Hunsicker, for appellee.

MONROE, J. This is an action of boundary, brought by the parish of Caddo, in the district court of that parish, against the parish of Red River. Defendant excepted to the jurisdiction, ratione materiæ et personæ,

*Rehearing denied March 27, 1905.

on the grounds that the fixing of the bound-aries between political divisions of the state is a legislative function, and that the defendant parish can be sued only in the court of its domicile. There was also an exception of no cause of action, based on the fact that the Legislature has provided another method of procedure in such cases.

In the matter of the same plaintiff against the parish of De Soto (this day decided) 38 South. 273,[1] the questions of law determined upon the face of the papers are the same as those here presented; and it has there been held that whilst the interpretation of a law, the declared purpose of which is to establish the boundaries between two parishes, is a judicial function, and, where the property which is the subject of an action of boundary lies within the territorial jurisdiction of two courts, such action may be brought in either, yet that, when, as in this instance, the law provides a particular method for fixing the boundaries, the remedy so provided must be exhausted before the jurisdiction of the courts can be invoked. The reasons upon which this conclusion is based, having been elaborated in the opinion handed down in the case mentioned, are adopted without repetition, and it is accordingly ordered, adjudged, and decreed that the judgment herein appealed from be annulled and reversed, and that this suit be dismissed as in case of nonsuit; the plaintiff to pay costs in both courts.